**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Eric R. Searles

      v.                                 Civil No. 05-cv-258-PB

Gordon T. Searles

## **REPORT AND RECOMMENDATION**

Proceeding *pro se* and *in forma pauperis,* plaintiff Eric R. Searles brings this action, pursuant to N.H. Rev. Stat. Ann. § 540-A:2-4[1], against his landlord, George T. Searles.  Defendant allegedly violated plaintiff's right to quiet enjoyment of his tenancy, wrongfully denied him access to his apartment, unlawfully seized his personal property and attempted to evict him without legal process.  Plaintiff seeks declaratory, injunctive and monetary relief, including the return of his

---

[1]Section II of RSA 540-A:4 provides in relevant part:

        Any tenant or landlord may seek relief from a violation
        of RSA 540-A:2 or RSA 540-A:-3 by filing a petition in
        the district or county where the rental premises are
        located.

N.H. Rev. Stat. Ann. § 540-A:4, II.

personal property.

The matter is before me for preliminary review to determine, among other things, whether plaintiff has properly invoked the subject matter jurisdiction of this court.  See United States District Court of the District of New Hampshire Local Rules ("LR") 4.3(d)(1)(B).  For the reasons stated below, I recommend that the complaint be dismissed.

### Standard of Review

In reviewing a *pro se* complaint, this court must construe the pleading liberally and in favor of the *pro se* litigant.  See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

Background

Beginning on March 3, 2003, plaintiff rented from defendant a second-floor apartment located at 272 Bartlett Street in Manchester, New Hampshire. Shortly afterwards, in June or July of 2004, plaintiff was incarcerated for sixty days. On July 20, 2004, defendant allegedly denied plaintiff access to his apartment, entered his apartment without permission and illegally seized his personal property. In addition, defendant allegedly changed the locks on plaintiff's apartment without serving him with a legal eviction notice. From August to October 2004, plaintiff made six attempts to retrieve his personal property by contacting the landlord and meeting him at the apartment but claims that defendant merely harassed and verbally threatened him. He further claims that defendant refused to return the property and threatened to have him arrested for trespass if he returned to the premises. When plaintiff subsequently returned to the property, defendant allegedly caused him to be arrested on two occasions and further caused him to be falsely incarcerated for a total period of 130 days. From January to April 2005, plaintiff made three additional attempts to retrieve his property, however, defendant verbally and physically threatened

him and caused him to be arrested on April 27, 2005.

Plaintiff has provided a list of the seized property, including a car, canoe, furniture, tools, clothing, electronics, appliances, musical instruments, furs, jewelry and guns, all of which purportedly amount to more than $75,000 in value.  He now brings this action seeking the return of his personal property and requesting this court to find that defendant: (1) willfully denied him access to his apartment; (2) wrongfully seized his personal property; (3) entered his apartment without permission; (4) deprived him of quiet enjoyment of his property; and (5) attempted to evict him without legal process.  In addition, plaintiff requests this court to award him damages in the amount of $75,673.50 and reasonable attorney's fees.

<u>Discussion</u>

A party seeking relief in district court must at least plead facts which bring the suit within the court's jurisdiction.  <u>See</u> Fed. R. Civ. P. 8(a)(1).  The subject matter of the federal courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship.  <u>Id</u>.  A federal question

exists where the plaintiff has alleged a colorable federal claim.
<u>See</u> 28 U.S.C. § 1331 (providing for original jurisdiction in the
federal district courts for claims arising under federal law).
<u>See</u> <u>also</u> <u>Aldinger v. Howard</u>, 427 U.S. 1, 7 (1976); <u>BIW Deceived</u>
<u>v. Local S6, Indus. Union of Marine & Shipbuilding Workers</u>, 132
F.3d 824, 832 (1st Cir. 1997).  To establish diversity, a
complaint must allege complete diversity of citizenship between
plaintiff and defendant as well as an amount in controversy in
excess of $75,000.  <u>See</u> 28 U.S.C. § 1332.

In this action, plaintiff has failed to allege a federal
question or invoke any federal jurisdictional statute.  Nor does
he assert any facts from which federal question jurisdiction can
be inferred.  <u>See</u> 28 U.S.C. § 1331.  Instead, his claims arise
out of a landlord-tenant dispute over which federal courts have
no jurisdiction.  <u>See</u> <u>DiNapoli v. DiNapoli</u>, No. 95 Civ. 7872,
1995 WL 555740, at *1 (S.D.N.Y. Sept. 19, 1995).  It is well
settled that landlord-tenant relations are a matter of state law,
<u>see</u> <u>Hearn v. Lin</u>, No. 01-CV-8208, 2002 WL 720829, at *4 (E.D.N.Y.
Feb. 14, 2002), and a plaintiff may not invoke the subject matter
jurisdiction of a federal court by recloaking his state law
housing claims as a violation of his constitutional rights, <u>see</u>

Bankhead v. Renelique, No. 05-CV-2065, 2005 WL 1861626, at *2 (E.D.N.Y. Jul. 29, 2005).  See also DiNapoli, No. 95 Civ. 7872, 1995 WL 555740, at *1 (S.D.N.Y. Sept. 19, 1995)(citations omitted) ("[I]t is well settled that federal courts do not have subject matter jurisdiction over state landlord/tenant matters involving eviction proceedings.")  Construing the allegations generously and accepting them as true, there does not appear to be anything which gives rise to federal question jurisdiction under 28 U.S.C. § 1331.

The complaint also fails to satisfy the requirements for diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship between plaintiff and defendant as well as an amount in controversy in excess of $75,000.  See 28 U.S.C. § 1332.  While plaintiff alleges an amount in controversy of more than $75,000, he fails to allege diversity of citizenship between the parties, a requirement for establishing diversity jurisdiction.  See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990) ("[D]iversity is not complete if any plaintiff is a citizen of the same state as any defendant.").  Because the parties are both New Hampshire residents, they are nondiverse.  I conclude, therefore, that he has failed to plead diversity

jurisdiction under 28 U.S.C. § 1332.

Conclusion

Because I find that plaintiff has failed to invoke this court's jurisdiction, I recommend that the action be dismissed. See LR 4.3(d)(1)(B)(I).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13–14 (1st Cir. 1992); United States v. Valencia–Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date: September 6, 2005

cc:   Eric R. Searles, *pro se*